# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| AUSTIN PEDLEY | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 5:21-cv-6013 |
| ADIENT US LLC | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Adient US LLC ("Defendant" or "Adient") gives notice of the removal of this cause of action to the United States District Court for the Western District of Missouri. In support of this Notice of Removal, Defendant states the following:[1]

### Statement of Jurisdiction

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, for the reasons set forth below.

### Amount in Controversy

2. On or about December 14, 2020, Plaintiff Austin Pedley ("Plaintiff") commenced this action against Defendant in the Circuit Court of Platte County, Missouri (Case No. 20AE-CC00328). *See* **Exhibit B**, which includes Plaintiff's Petition.

3. Through acceptance of service via U.S. Certified Mail addressed to Registered Agent for Defendant, Plaintiff served Defendant with the Summons and Complaint on or about

---

[1] *See* **Exhibit A**, Civil Cover Sheet seeking removal to the Western District of Missouri.

December 29, 2020.  Pursuant to 28 U.S.C. § 1446(b), Defendant has therefore timely filed this Notice of Removal within 30 days of receiving service of Plaintiff's Petition, the initial pleading setting forth the claim for relief and containing grounds for removal.

4. Plaintiff's Petition consists of two counts, both of which allege violations of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. Ch. 213 *et seq.* Count I alleges "Sexual Harassment – Missouri Human Rights Act" and Count II alleges "Retaliation – Missouri Human Rights Act."

5. Plaintiff does not provide an amount for his alleged damages.  Instead, Plaintiff states that he was "damaged by the discrimination and harassment and is entitled to all remedies available to him as provided in the Missouri Human Rights Act, including but not limited to damages for loss of income, embarrassment, humiliation, emotional distress, damage to him (sic) reputation, diminution in earnings capacity, and other damages yet undetermined, and Plaintiff is reasonably expected to suffer from such damages in the future." *See* Petition at p. 12. Plaintiff also alleges that as a result of Defendant's alleged retaliation, he has sustained damages, including but not limited to "economic loss in the form of lost wages and benefits, future wages and lost earnings, and emotional and mental distress." *Id.* at p. 13. Plaintiff also seeks punitive damages "in the amount that will punish Defendant and deter Defendant and others from like conduct." *Id.* at pp. 12 & 14.

6. Plaintiff's own pleading establishes that the amount in controversy exceeds $75,000. *Kopp v. Kopp*, 280 F.3d 385, 885 (8th Cir. 2002) (holding that in determining the amount in controversy, the relevant question is not whether the verdict will ultimately exceed $75,000, rather, it is whether a finder of fact could legally conclude that the damages exceed that amount); *see also Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)

(considering punitive damages when determining the amount in controversy); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001) (noting the propriety of including punitive damages and attorneys' fees in determining the amount in controversy).

7. Recent verdicts/judgments on MHRA cases indicate the certainty of the assumption that the amount in controversy here exceeds $75,000. On February 2, 2018, the Honorable Justine E Del Muro entered final judgment in an MHRA case in the amount of $356,694.69 and $662,862.50 in attorneys' fees (Case Number 1516-CV25112, *Jones v. City of Kansas City, Mo.*). On January 25, 2018, the Honorable Jack R. Grate entered final judgment in an MHRA case in the amount of $341,000 for actual damages and punitive damages (Case Number 1616-CV11175, *Stubbs v. Independence School District, et al.*). On June 20, 2017, the Honorable Jennifer M. Phillips entered final judgment in an MHRA case in the amount of $120,892.00 in compensatory damages, $3,109,369.15 in punitive damages, and $488,177.00 in attorneys' fees (Case Number 1416-CV16259, *Gentry v. Orkin LLC, et al.*). On April 10, 2017, the Honorable Patrick Campbell entered final judgment in an MHRA case in the amount of $10,060,213.14 for actual damages, punitive damages, attorneys' fees/costs, and front pay (Case Number 1416-CV02573, *Miller v. Bosman, et al.*).[2]

8. As in those cases, Plaintiff also seeks punitive damages which, much like the unlimited claims for actual damages, must also be taken into account in determining the amount in controversy. *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Frump v. Claire's Boutiques, Inc.*, No. 10-1106, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 22, 2011) ("Punitive damages are included in determining the amount in controversy, unless it is

---

[2] Defendant notes that in 2017, the MHRA was amended, in part, to set damages caps. However, the damages caps exceed $75,000. Mo. Rev. Stat. § 213.111.

3

apparent to a legal certainty that punitive damages may not be recovered."). The MHRA also specifically provides for recovery of punitive damages. Mo. Rev. Stat. § 213.111.

9. Defendant bears the burden to demonstrate the amount in controversy by a preponderance of evidence, which can be shown by "analogous case law or hypothetical itemization of damages to show that the punitive damages and attorney fees, when added to the actual damages, would raise the sum over $75,000." *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014) (emphasis added). Although Plaintiff pleads no specific amount of damages, fees, or other relief sought, recent examples cited above from this state, of which the Court may take judicial notice as they are found in public filings, demonstrate that the amount in controversy here exceeds $75,000.

10. Given Plaintiff's unequivocal demand for damages in excess of $75,000.00, Defendant has met its burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). *See also Kopp*, 280 F.3d at 885 ("The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000.").

**Basis for Diversity Jurisdiction Removal**

11. Defendant may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no [properly named] defendant is a citizen of the forum State. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

12. Plaintiff alleges in his Petition that he "is a resident of Missouri . . . ." *See* Petition, at ¶ 1.

13. Plaintiff named only one Defendant, Adient US LLC, in his Petition.

4

14. Adient is a limited liability company.

15. For purposes of diversity jurisdiction, the citizenship of a limited liability company is that of its members. *See GMAC Comm'l Credit LLC v. Dillard's Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Adient is, and was at the time of the filing of this action, a limited liability company established under the laws of the State of Michigan. Adient has only one member, Adient Global Holdings LTD. Adient Global Holdings is organized under the laws of Jersey, Channel Islands, where it also has its principal place of business.

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the matter is between citizens of different states (i.e., "complete diversity").

17. Venue for this removal action is proper in the United States District Court for the Western District of Missouri because the territorial jurisdiction of this Court includes the Circuit Court of Platte County, Missouri, in which Plaintiff filed her Petition. Removal to this particular Court is therefore proper under 28 U.S.C. § 1441(a).

18. Defendant attaches the court file, which includes, among other documents, any and all process, pleadings, and orders served upon it, as **Exhibit B**, as required by 28 U.S. C. § 1446(a). For the purposes of completeness, Defendant has included in **Exhibit B** all documents served upon it in this case, as well as all documents contained in the state court file.

19. Defendant will provide written notice to Plaintiff and file a copy of this Notice with the Circuit Court of Platte County, Missouri, as required by 28 U.S.C. § 1446(d).

20. Defendant reserves the right to amend or supplement this Notice of Removal.

21. Defendant reserves any and all defenses to the claims alleged by Plaintiff.

Respectfully submitted,

By: */s/ Benjamin A. McMillen*
    Benjamin A. McMillen    MO Bar #63086
    **HUSCH BLACKWELL LLP**
    4801 Main Street, Suite 1000
    Kansas City, MO 64112
    Telephone: (816) 983-8000
    Facsimile: (816) 983-8080
    ben.mcmillen@huschblackwell.com

By: */s/ Randall S. Thompson*
    Randall S. Thompson    MO Bar #45581
    **HUSCH BLACKWELL LLP**
    190 Carondelet Plaza, Suite 600
    St. Louis, MO 63105
    Telephone: (314) 480-1500
    Facsimile: (314) 480-1505
    randall.thompson@huschblackwell.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This is to certify that on the 27th day of January, 2021, a copy of the above and foregoing was electronically filed with the Clerk of the Court and a copy mailed via U.S. mail, postage prepaid to:

Deborah J. Blakely
Gene P. Graham, Jr.
WHITE, GRAHAM, BUCKLEY, & CARR, LLC
19049 East Valley View Parkway
Independence, Missouri 64055
Telephone: (816) 373-9080
Fax: (816) 373-9319
ggraham@wagblaw.com
dblakely@wagblaw.com

*Attorneys for Plaintiff*

    */s/ Benjamin A. McMillen*
    Attorney for Defendants